Slip Op. 06-44

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - ---x
                                  :
GUANGZHOU MARIA YEE FURNISHINGS,  :
LTD., *et al.*                    :        Before: Pogue, Judge
            Plaintiffs,           :
                                  :
                                  :        Court No. 05-00065
       v.                         :
                                  :
UNITED STATES,                    :
                                  :
            Defendant,            :
                                  :
AMERICAN FURNITURE                :
MANUFACTURERS COMMITTEE FOR       :
FAIR TRADE, *et al.*              :
                                  :
    Defendant-Intervenors.        :
- - - - - - - - - - - - - - - - - ---x

JUDGMENT

In Wooden Bedroom Furniture from the People's Republic of China, 69 Fed. Reg. 67,313 (Dep't Commerce Nov. 17, 2004) (notice of final determination of sales at less than fair market value and antidumping duty order) and its corresponding "Issues & Decision Memorandum" dated November 4, 2004, the Department of Commerce ("Commerce") rejected as untimely certain submissions from Guangzhou Maria Yee Furnishings, Ltd., Pyla HK Ltd., and Maria Yee Inc. (collectively "Maria Yee") and, therefore, assessed Maria Yee the People's Republic of China ("PRC")-wide cash deposit rate of 198.08%. Maria Yee timely appealed that determination averring that it was improperly denied the separate rate of 6.65%. On December 14, 2005, this court found unlawful Commerce's assessment of the PRC-wide cash deposit rate, based upon Commerce's unreasonable reliance on notice to be provided through the Chinese Ministry of Commerce ("MOFCOM"), and remanded the issue to Commerce for reconsideration. Guangzhou Maria Yee Furnishings, Ltd. v. United States, 29 CIT __, Slip Op. 2005-158 (2005).

Pursuant to that remand order, Commerce issued a remand determination on March 1, 2006, in which it considered Maria Yee's evidence. Commerce determined that Maria Yee did qualify for separate-rate treatment, in accordance with the court's decision, and specifically was qualified for the 6.65% separate

rate.

This court, having received and reviewed Commerce's Remand Results, comments and rebuttals thereto, finds that Commerce duly complied with the court's remand order.  Therefore, it is hereby


**ORDERED** that the Department of Commerce's remand determination is supported by substantial evidence, and otherwise in accordance with law; and it is further

**ORDERED** that the Remand Results filed by Commerce on March 1, 2006 are affirmed in their entirety.


_____/s/_____
Donald C. Pogue, Judge

Dated: April 5, 2006
New York, New York